UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN HUNT,<br>　　　　Plaintiff,<br>　　v.<br>ISAAC OLIVARES,<br>　　　　Defendant. | Case No. 19-cv-01604-JST<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, an inmate at Kern Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

According to the complaint, on the morning of June 15, 2018, Defendant Olivares drove the food-delivery truck to the D-Yard chow hall. Defendant Olivares was responsible for unloading the food cart and other food supplies. At that time, Plaintiff held a position as a kitchen worker and was responsible for carrying the food items into the kitchen. After the truck arrived, Plaintiff stood at the rear of the truck to carry out his responsibilities. Because Defendant Olivares was flirting with a female kitchen staff, he did not pay attention as he lowered the truck lift gate. Defendant Olivares lowered the gate all the way to the ground and directly onto Plaintiff's foot, completely crushing Plaintiff's foot. When Defendant Olivares noticed what had happened, he smiled and stated, "My bad, I should have been paying attention." As a result of the injury, Plaintiff's mobility has been destroyed, Plaintiff suffered a foot fracture, and Plaintiff lost his kitchen job. ECF No. 1 at 3–4.

**C.     Legal Claims**

Plaintiff alleges that Defendant Olivares' actions violated the Eighth Amendment. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the

2

prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. 825, 835–36 & n.4 (1994); *id.* at 838 ("[a prison] official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment" in violation of the Eighth Amendment). Plaintiff's allegation that Defendant Olivares was careless and failed to pay attention may state a cause of action for negligence, but does not state a cognizable Eighth Amendment claim. Accordingly, the complaint will be DISMISSED with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to *pro se* plaintiffs") (citation omitted).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend to address the deficiency identified above if he can do so in good faith. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-01604 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

**Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.**

3

1    The Clerk shall include two copies of the court's complaint with a copy of this order to
2    Plaintiff.
3    **IT IS SO ORDERED.**
4    Dated: May 14, 2019



JON S. TIGAR
United States District Judge